IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JACK J. STASUL, and<br>ASHLEY ALTON DIAMOND, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| VS. | : | |
| | : | NO. 7:14-CV-0124-HL-TQL |
| | : | |
| GEORGIA DEPARTMENT OF<br>CORRECTIONS, et. al., | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER & RECOMMENDATION

Plaintiffs **JACK J. STASUL** and **ASHLEY ALTON DIAMOND**, state inmates currently confined at Valdosta State Prison ("VSP"),[1] have filed a single *pro se* civil rights action in this Court seeking relief under 42 U.S.C. § 1983.   Mr. Diamond has also moved to proceed in this action without prepayment of the filing fee (Doc. 2); Mr. Stasul has neither paid the filing fee nor sought leave to proceed *in forma pauperis*.

I.       Misjoinder of Plaintiffs

As a general rule, *pro se* prisoners proceeding *in forma pauperis* are not permitted to join together as plaintiffs in a single lawsuit.   Non-lawyer, *pro se* inmates are likewise not permitted to pursue claims in federal court on behalf of other prisoners.   See Granite State Outdoor Adver., Inc. v. City of Clearwater, Fla., 351 F.3d 1112, 1116 (11th Cir. 2003) ("a party generally may assert only his or her own rights and cannot raise the claims of third parties not before the court").

_____

1. While in his Declaration (Doc. 1) Jack Stasul purports to be confined at VSP, the Court was unable to confirm his confinement through an offender inquiry on the Georgia Department of Corrections website.

Each prisoner is usually required to file his own lawsuit and either pay the filing fee or seek leave to proceed *in forma pauperis*.   Hubbard v. Haley, 262 F.3d 1194, 1998 (11th Cir. 2001).

This is especially true where, as in this case, the plaintiffs' claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.   See Fed. R. Civ. P. 20(a). Though, here, both inmates allege that they have been victims of sexual assault and harassment while incarcerated, their claims are based on separate events occurring at different facilities. Plaintiff Ashley Diamond, a transgender inmate, alleges that he was sexually assaulted while confined at VSP, that prison officials at VSP have (and continue to) put him at risk of serious physical injury, and that he has been denied adequate medical treatment and reasonable accommodation for his disability.   Mr. Stasul, on the other hand, alleges that he was victimized while confined at Bainbridge Probation Substance Abuse Treatment Center (Bainbridge PSATC) and Paten Probation and Detention Center (Paten PDC) and has now been wrongly transferred to VSP because he is a nonviolent prisoner and should be confined in a residential substance abuse treatment facility for probationers.   The only commonality between the Plaintiffs' allegations is that they are both presently confined at VSP.   The undersigned therefore finds that Plaintiffs claims are not properly joined in a single action.   See Fed. R. Civ. P. 21.

Furthermore, the caption of Mr. Stasul's "Declaration" (Doc. 1) only names the Georgia Department of Corrections and Valdosta State Prison as defendants.   He makes no allegations against the individual defendants named on Mr. Diamond's complaint form. The doctrine of sovereign immunity of course bars claims against states and their agencies. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989).   This bar applies "regardless of whether the plaintiff seeks money damages or prospective injunctive relief." Id.   The Georgia Department of Corrections is a state

agency and is thereby protected by sovereign immunity. <u>Id.</u> 115.   Federal courts in Georgia have likewise determined that a state prison is not an entity capable of being sued under § 1983.   <u>See</u> <u>Ansley v. Franks</u>, No. CV410–176, 2010 WL 4007626 *2 n.2 (S.D.Ga., Aug. 30, 2010); <u>Allen v.</u> <u>Brown</u>, No. 112–052, 2013 WL 1333175, at *3 (S.D.Ga. Mar. 7, 2013).   Thus, even when liberally construed and read in his favor, Mr. Stasul's "Declaration" seeks relief from an immune defendant and fails to state a claim upon which relief may be granted.   <u>See</u> Fed. R. Civ. P. 1915A(b)(1).

It is accordingly **RECOMMENDED** that Plaintiff Jack Stasul and any claims brought by or on behalf of Mr. Stasul be **DISMISSED** from this action.   If Mr. Stasul wishes to proceed with his claims against different parties, he may file a new civil rights complaint and prepay the Court's $400.00 filing fee or move to proceed *in forma pauperis*.

Plaintiffs may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order. <u>See</u> 28 U.S.C. § 636(b)(1).

II.       Motion to Proceed *in forma pauperis*

As noted above, Plaintiff Ashley Diamond has filed a motion for leave to proceed without prepayment of the Court's filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).   Based on his submissions, the Court finds that Plaintiff is unable to pre-pay the entire filing fee at this time.   Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2 & 6) is thus **GRANTED**,[2] and he will not be required to pay initial partial filing fee.   <u>See</u> 28 U.S.C. § 1915(b)(1).   This does not mean that the entire filing fee is waived, however.   Plaintiff is still required to pay the full amount

---

2 A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff has one strike for the purposes of 28 U.S.C. § 1915(g): <u>Diamond v. Floyd</u>, 4:12-cv-069-HLM (dismissed for failure to comply).

of the $350.00 filing fee using the payment plan as will be directed in a future order. See 28 U.S.C. § 1915(b). The filing fee is not refundable, regardless of the outcome of Plaintiff's case.

III.     Order to Recast

Before this case can proceed, however, Plaintiff Ashley Diamond ("Plaintiff") will need to recast his Complaint. In his current pleading, Plaintiff alleges that he suffers from "Gender Identity Disorder" (GID) and that prison officials have (and continue to) put him at risk of serious physical injury and have failed to accommodate his disability. Plaintiff states that he has been sexually assaulted and harassed "many times" while incarcerated; he also vaguely alleges that he has been denied adequate medical treatment. Plaintiff's factual allegations, however, do not sufficiently (1) identify the unsafe conditions at VSP (i.e., the physical conditions or practices posing a danger to Plaintiff of which Defendants are aware and have failed to remedy); (2) explain how Defendants have failed to provide reasonable accommodation for a disability; (3) describe the circumstances of any prior sexual assault giving rise to a claim for damages against Defendants; or (4) explain when and how Plaintiff was denied medical treatment and what injury he suffered as a result. The Complaint thus does not currently contain sufficient information for the undersigned to determine what exactly Plaintiff's claims are or if he can state a cognizable claim.

For this reason, Plaintiff is now **ORDERED** to **RECAST** his Complaint. Plaintiff's recast complaint **shall take the place of and supersede the original complaint and all of the other documents filed by Plaintiff to date**. In drafting his new complaint, Plaintiff must use a standard § 1983 complaint form, along with no more than five (5) additional pages. **No other attachments or documents shall be filed with the recast complaint**, and Plaintiff may not incorporate any portion of his original complaint or subsequent filings into the recast complaint.

4

The complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff's recast complaint should contain only claims based on his experiences and name, as defendants, only the individuals associated with the claim or related claims that he is pursuing in this action.   Plaintiff must then list each defendant again in the body of his complaint and tell the Court exactly how that individual violated his constitutional rights.   Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese.   If, in his recast complaint, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations in the body of his complaint against a named defendant, that defendant will be dismissed.

IV.     Time for Response

Plaintiff Ashley Diamond shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to file his recast complaint as directed herein.   While this action is pending, Plaintiff shall also immediately inform the Court in writing of any change in his mailing address. Plaintiff's failure to comply with this Order (or any other order of the Court) may result in the dismissal of his complaint.

The Clerk of Court is **DIRECTED** to mail Plaintiff a new § 1983 complaint form showing this case number.   There will be no service of process in this case until further order of the Court.

**SO ORDERED**, this 12th day of August, 2014.

s/*THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr

5