**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA   DIVISION**

| | | |
|---|---|---|
| **ASHLEY ALTON DIAMOND,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **VS.** | : | |
| | : | **NO. 7:14-CV-0124-HL-TQL** |
| | : | |
| **Warden MARTY ALLEN, et. al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____

## ORDER TO SUPPLEMENT

Plaintiff **ASHLEY ALTON DIAMOND**, an inmate currently confined at Valdosta State Prison (VSP) in Valdosta, Georgia, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983.  When filed, the Complaint (Doc. 5) included both Plaintiff's claims and claims brought by (or on behalf of) another prisoner.  Thus, after an initial review, the undersigned ordered Plaintiff to recast his complaint so as to only state claims based on his experiences. Plaintiff has now filed his Recast Complaint (Doc. 9).

In his Recast Complaint, Plaintiff alleges that officials at VSP have failed (and continue to fail) to protect him from sexual harassment and assault.   Plaintiff, a transgender inmate, states that he endured sexual harassment, sexual assaults, and violent attacks from January 9, 2014, until February 13, 2014, when he demanded a meeting with the "Sexual Assault Response Team (SART)."   Plaintiff was then, on March 13, 2014, able to meet with the Mental Health Director, Defendant Dave McCracken, and to describe (in detail) all the incidents that had occurred; he also discussed prior letters he sent to prison officials and grievances he filed.   At that time or shortly

1

thereafter, Warden Allen advised Plaintiff to request protective custody if he was "so scared"; but no other action was taken.   Plaintiff does not state whether he then requested protective custody or if he suffered any subsequent physical injury.   The Recast Complaint alleges only that he continued to be harassed by both staff and other inmates and that the prison psychiatrist stopped refilling his prescription medications for "no medical reason."

In light of these allegations, the undersigned presumes that Plaintiff is attempting to bring Eighth Amendment claims against Defendants for deliberate indifference to inmate safety.   Yet, it is unclear whether Plaintiff is now attempting to state claims against Defendants based on events occurring prior to the SART meeting or after.   Plaintiff also fails to specify what (if any) claim he intends to bring based on the alleged refusal to renew his prescription medication.

For this reason, Plaintiff is now **ORDERED** to supplement his Recast Complaint with a more detailed explanation of his claims and further description of the facts on which they are based.   Plaintiff's supplement must state what each defendant did to violate his constitutional rights and describe any injury he has suffered as result of their actions.

When drafting his supplement, Plaintiff should note that he cannot bring a § 1983 claim against a prison official based solely on a theory of supervisory liability. Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986); H.C. by Hewett v. Jarrard, 786 F.2d 1080 (11th Cir. 1986).  To state a claim against a supervisory official, Plaintiff must allege facts showing either that the official personally participated in the constitutional violation or that there is a causal connection between the actions of the supervising official and the constitutional deprivation.  H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  Because Plaintiff complains that Defendants refused to transfer him to another facility, he is also advised that prisoners have no general constitutional right to remain in, or be transferred to, a particular institution. Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976).   "[T]he transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of

2

confinement ordinarily contemplated by a prison sentence." <u>Al-Amin v. Donald</u>, 165 F. App'x 733, 739 (11th Cir. 2006).

Plaintiff has **TWENTY-ONE (21) DAYS** from the date shown on this Order to file his supplement.   <u>Failure to comply with this Order may result in the dismissal of Plaintiff's complaint</u>.   There shall be no service of process in this case until further order.   Once Plaintiff has filed his supplement, the Court will conduct a preliminary review as required by 28 U.S.C. § 1915A(a).

**SO ORDERED**, this 12th day of September, 2014.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr