IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **ASHLEY ALTON DIAMOND,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| VS. : | |
| : | NO. 7:14-CV-0124-HL-TQL |
| : | |
| **Warden MARTY ALLEN, et al.,** : | |
| : | |
| **Defendants.** : | |

### ORDER & RECOMMENDATION

Plaintiff **ASHLEY ALTON DIAMOND**, an inmate currently confined at Valdosta State Prison (VSP) in Valdosta Georgia, filed this *pro se* civil rights action seeking relief under 42 U.S.C. § 1983. The undersigned subsequently ordered Plaintiff to recast his complaint and supplement his factual allegations. Plaintiff has now complied with both orders, and after conducting a preliminary review of Plaintiff's Recast Complaint (Doc. 9) and Supplement (Doc. 11), the undersigned finds that Plaintiff's allegations are sufficient to go forward with claims against Warden Marty Allen and Director Dave McCracken. It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED**, under 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

**I.     Standard of Review, 28 U.S.C. § 1915A(a)**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). In so doing, the court must accept all

1

factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a prisoner's pleading is still subject to dismissal prior to service if the court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or fails to state a claim. See 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555. "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a complaint must allege facts sufficient to create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556.

**II.     Plaintiff's Claims**

The present action arises out of Plaintiff's confinement at Valdosta State Prison. In his Recast Complaint, Plaintiff alleges that officials at VSP have failed (and continue to fail) to protect him from sexual harassment and assault. Plaintiff, a transgender inmate, states that he has endured sexual harassment, sexual assaults, and violent attacks at the prison since January 9, 2014. Plaintiff has apparently made "many attempts" to get help from prison officials, including having

2

specific discussions with the "Sexual Assault Response Team" leader, Dave McCraken, and Warden Marty Allen. These officials allegedly took no action in response to Plaintiff's complaints; Warden Allen merely suggested that Plaintiff request "protective custody." Plaintiff also suggests that Warden Allen actually contributed to his problems, by "setting the tone for inmates and staff to ridicule" him, and that Allen made "rude and offensive statements" during inspections. Apparently, at some point, Plaintiff did seek, and was denied, protective custody. Plaintiff, as a result, remained in confinement with (and was "enslaved" by) gang members who retaliated against him for "snitching." With allegedly no other options, Plaintiff sought protection from another inmate, who "claimed" him, held him captive in his cell for days at a time, and "sexually abused" him multiple times. The Complaint states that Plaintiff suffers from "Bipolar Disorder," "PTSD," and "Gender Identity Disorder," and he now claims to be "suicidal," resorting to "self-mutilation," because of the conditions of his confinement.

Plaintiff filed the present lawsuit against Valdosta State Prison, the Georgia Department of Corrections, Commissioner Brian Owens,[1] Warden Marty Allen, Deputy Warden Shawn Emmons, Mental Health Director Dave McCraken, Nurse Carver, and Dr. Roman for alleged violations of the Eighth and Fourteenth Amendments, the Americans with Disabilities Act ("ADA") and the Prison Rape Elimination Act ("PREA").

### A. Eighth Amendment Claims

Plaintiff's allegations, when liberally construed and read in his favor, are sufficient to allow him to go forward with **Eighth Amendment claims** against **Dave McCracken** and **Warden Marty Allen**. For the reasons stated below, however, Plaintiff should not be permitted

---

[1] Plaintiff does not name Commissioner Owens as a party in the caption of the Complaint, but he does refer to him as "Defendant Brian Owens" in his "Statement of Claims." See Recast Compl. at 5. The undersigned will thus consider him a party for the purposes of this review.

to go forward with any Eighth Amendment claims against Valdosta State Prison, the Georgia Department of Corrections, Commissioner Brian Owens, Deputy Warden Shawn Emmons, Nurse Carter, or Dr. Roman:

### 1. *Valdosta State Prison & the Georgia Department of Corrections*

Neither Valdosta State Prison nor the Georgia Department of Corrections are proper parties for a § 1983 claim. The Eleventh Amendment bars suits directly against a state or its agencies, regardless of the nature of relief sought. Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989)); Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). It has also been found that a state prison is not an entity capable of being sued under § 1983, see Ga. Insurers Insolvency Pool v. Elbert Cnty., 258 Ga. 317, 318, 368 S.E.2d 500 (1988); Brinson v. Coastal State Prison, No. CV408–242, 2009 WL 890574, at *2 (S.D. Ga. Apr.1, 2009) ("[a state prison] . . . is not an entity that is subject to suit under § 1983"). It is accordingly **RECOMMENDED** that any constitutional claims against **Valdosta State Prison** and the **Georgia Department of Corrections** be **DISMISSED**.

### 2. *Commissioner Brian Owens & Deputy Warden Shawn Emmons*

The allegations in Plaintiff's Complaint also fail to state Eighth Amendment claims against Commissioner Owens and Deputy Warden Emmons. Nothing in the Complaint suggests that these defendants were personally involved in the events giving rise to this lawsuit. Plaintiff's claims against Owens and Emmons appear to arise only out of their general responsibility "for the overall operation" of the prison and alleged receipt of Plaintiff's grievances. These defendants, however, "are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th

4

Cir. 2003). A prison official's mere failure to personally respond to a letter or grievance from a prisoner also does not give rise to § 1983 liability. See Ware v. Owens, No. CV612–056, 2012 WL 5385208, at * 2 (S.D. Ga. Sept. 28, 2012) (finding that "failure to respond to an inmate's letters does not result in a violation of that inmate's constitutional rights"); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability on supervisory official who merely failed to act based on information contained in the grievance). It is therefore **RECOMMENDED** that any claims against **Commissioner Owens** and **Deputy Warden Emmons** be **DISMISSED**.

       3. *Nurse Carter, and Dr. Roman.*

Plaintiff makes no allegations of wrongdoing against "Nurse Carter" in the body of his Complaint; and Plaintiff stated, in his Supplement, that he wished to "dismiss" claims against Dr. Roman. It is accordingly **RECOMMENDED** that any claims against **Nurse Carter** and **Dr. Roman** be **DISMISSED**.

       B. Fourteenth Amendment Equal Protection Claim

Plaintiff's Complaint states that Defendants have also "in some ways" violated his "equal protection rights." Supp. at 3. Even when read liberally and in his favor, however, Plaintiff's allegations fail to state an equal protection claim. See Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001); Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006). The Complaint does not allege any direct evidence of disparate treatment on the basis of Plaintiff's transgenderism[2] or the existence of any similarly situated, non-transgender inmate who was treated differently after complaining of sexual harassment or assault at the prison. Plaintiff's

---

2 It is likely a violation of Equal Protection to treat a prisoner differently because of his "gender non-conformity." C.f., Glenn v. Brumby, 663 F.3d 1312, 1319 (11th Cir. 2011) ("a government agent violates the Equal Protection Clause's prohibition of sex-based discrimination when he or she fires a transgender or transsexual employee because of his or her gender non-conformity").

5

vague allegations that Warden Marty Allen "set the tone" for Plaintiff's "ridicule" and made some sort of "rude and offensive" comments during inspection – without further detail – simply do not create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. See Twombly, 550 U.S. at 555-556. It is thus **RECOMMENDED** that Plaintiff's **equal protection claims** be **DISMISSED**.

### C. ADA Claim

Plaintiff next states that Defendants have violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. The ADA prohibits discrimination in services, programs, or activities of a "public entity" or "discrimination by any such entity." See 42 U.S.C. § 12132; Edison v. Douberly, 604 F.3d 1307, 1308 (11th Cir. 2010); 42 U.S.C. § 12131. State agencies and prisons are considered to be "public entities" which may be sued under the ADA. United States v. Georgia, 546 U.S. 151, 154, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006); § 12131(1); see e.g., Davis v. Georgia Dept. of Corrections, 2011 WL 1882441 at *5 (S.D. Ga. April 11, 2011). Individuals employed by a correctional facility are not. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1172 (11th Cir. 2003). The Georgia Department of Corrections and Valdosta State Prison are thus the only defendants subject to ADA liability.

Even when broadly construed, however, Plaintiff's allegations do not state a cognizable ADA claim. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination . . . ." 42 U.S.C. § 12132. Here, assuming that Plaintiff's Bipolar or PTSD diagnoses qualify him for protection under the ADA, Plaintiff does not allege that he is being denied access to any service, program, or

activity (or otherwise discriminated against) because of these conditions. Plaintiff claims that transgender inmates, or inmates suffering from Gender Identity Disorder, receive disparate treatment in the prisons. "Transvestism, transsexualism, . . . [and] gender identity disorders not resulting from physical impairments" are not considered disabilities under the ADA. See 42 U.S.C. § 12211(b)(1). It is thus **RECOMMENDED** that all **ADA claims** be **DISMISSED**.

### D. PREA Claim

Finally, Plaintiff suggests that Defendants' failure to relocate him to a transgender facility violates a provision of the Prison Rape Elimination Act of 2003 ("PREA"). PREA was enacted by Congress to address the problem of rape in prison by creating national standards to prevent, detect, and respond to prison rape. See 42 U.S.C. § 15601. PREA does not create a private cause of action for allegations of prison rape, see Aitken v. Nobles, No. 5:13–cv–216, 2013 WL 3441116, at *2 (N.D. Fla. July 9, 2013), or otherwise confer "any extra rights outside of the normal prison grievance system," see Mosley v. Medlin, No. CV 313–086, 2014 WL 3110027, at *9 (S.D. Ga. July 7, 2014) (citing Jones v. Medlin, CV 312–040, 2012 WL 5025309, at *6 (S.D.Ga. Sept.10, 2012) *recommendation adopted*, CV 312–040, 2012 WL 4961683 (S.D.Ga. Oct.16, 2012). See generally, 42 U.S.C. §§ 15601–15609. It is therefore **RECOMMENDED** that any **PREA claims** also be **DISMISSED**.

### CONCLUSION

The undersigned finds that Plaintiff's allegations are sufficient to go forward with claims against **Warden Marty Allen** and **Director Dave McCracken**. It is **ORDERED** that service be made on these two defendants and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the

7

Prison Litigation Reform Act. Defendants are also reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

It is **RECOMMENDED**, however, that all other claims and parties, as discussed herein, be **DISMISSED**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim. Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. 28 U.S.C. § 636(b)(1).

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is

represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).

The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the Prison Litigation Reform Act, Plaintiff's custodian is directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

**SO ORDERED,**   this 28th day of October, 2014.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr